1  EDWARD D. TOTINO (Bar No. 169237)
   edward.totino@dlapiper.com
2  **DLA PIPER LLP (US)**
   2000 Avenue of the Stars
3  Suite 400 North Tower
   Los Angeles, California 90067-4704
4  Tel: 310.595.3000
   Fax: 310.595.3300
5
   AMANDA C. FITZSIMMONS (Bar No. 258888)
6  **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
7  San Diego, California 92101-4297
   Tel: 619.699.2700
8  Fax: 619.699.2701

9  Attorneys for Defendant
   POWERSCOUT, INC.
10

11              UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13
   REBECCA STACY, Individually         CV NO.  **'17CV165 JAH BLM**
14 and on Behalf of All Others
   Similarly Situated,                 **NOTICE OF REMOVAL BY**
15                                     **DEFENDANT POWERSCOUT, INC.**
              Plaintiff,
16
       v.
17
   POWERSCOUT, INC., and Does 1-
18 10, Inclusive,

19            Defendant.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant PowerScout, Inc. ("PowerScout") hereby removes the above-entitled state court action, Case No. 37-2016-00043290-CU-MC-CTL, from the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441 and 1331 because the causes of action asserted in the Complaint arise out of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

In support of this Notice of Removal, PowerScout respectfully states as follows:

## I. INTRODUCTION

On December 9, 2016, Plaintiff Rebecca Stacy ("Plaintiff") filed this action on behalf of herself and all others similarly situated against PowerScout in the Superior Court of California, County of San Diego, Case No. 37-2016-00043290-CU-MC-CTL (the "Action"). In the Action, Plaintiff asserts claims for negligent and intentional violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). Because both of Plaintiff's claims are predicated on a federal statute, the TCPA, they necessarily raise federal questions, the resolution of which are essential to resolution of her claims.

Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings and orders served upon such defendant or defendants in such action" are attached to this Notice as Exhibit A. There have been no other proceedings in the Action.

This action is one in which this Court has original subject-matter jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by PowerScout pursuant to 28 U.S.C. § 1441 because it is a civil action arising under the laws of the United States.

/////

## II. JURISDICTION DUE TO FEDERAL QUESTION

According to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In the Complaint, Plaintiff alleges that she was the recipient of numerous unwanted calls on her cellular telephone, which she alleges were placed by PowerScout using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice," in violation of the TCPA. (Compl. ¶¶ 15-24, 28.)

Based on these allegations, Plaintiff asserts two causes of action: (1) negligent violations of the TCPA, 47 U.S.C. § 227 *et seq.* (Compl. ¶¶ 43-46), and (2) intentional violations of the TCPA, 47 U.S.C. § 227 *et seq.* (Compl. ¶¶ 47-50). Plaintiff seeks statutory damages, treble damages, injunctive relief, and "any other relief the Court may deem just and proper." (Compl. ¶¶ 51-57.)

Because Plaintiff's claims are premised upon the TCPA, a federal statute, Plaintiff's Complaint is removable here. *See Mims v. Arrow Financial Svcs., LLC*, 132 S.Ct. 740, 753 (2012) (holding that federal courts have jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331 because they arise under federal law).

## III. REMOVAL IS TIMELY

On January 18, 2017, PowerScout was served with a copy of the original Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## IV. PROPER COURT FOR REMOVAL

The United States District Court for the Southern District of California embraces San Diego County, the county in which the state court action is now pending. 28 U.S.C. § 84(a). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

/////

/////

## V. CONCLUSION

Upon filing this Notice of Removal, written notice of the filing is being given by PowerScout to Plaintiff and her counsel, and is being filed with the Clerk of the state court in which this Action was originally filed, as required by 28 U.S.C. § 1446(d).

WHEREFORE, PowerScout hereby removes the above-styled action pending against it in the Superior Court of the State of California, County of San Diego, to this Honorable Court. PowerScout respectfully requests that this action be placed upon the docket of this Court for further proceedings as though originally instituted in this Court.

Dated: January 27, 2017

DLA PIPER LLP (US)

By */s/Amanda C. Fitzsimmons*
EDWARD D. TOTINO
AMANDA C. FITZSIMMONS
Attorneys for Defendant
POWERSCOUT, INC.