# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PowerScout, Inc.; and Does 1-10 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Rebecca Stacy

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
| **12/09/2016** at 01:12:46 PM |
| Clerk of the Superior Court<br>By Patrick Gonzaga, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego

**CASE NUMBER:**
*(Número del Caso):*

37-2016-00043290-CU-MC-CTL

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua B. Swigart, Hyde & Swigart, 2221 Camino Del Rio S, Ste 101, San Diego, CA 92108  619-233-7770

| DATE:<br>*(Fecha)* | 12/12/2016 | Clerk, by<br>*(Secretario)* | P. Gonzaga | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PowerScout, Inc

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*  1/18/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Joshua Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
2  Kevin Lemieux, Esq (SBN: 225886)
   kevin@westcoastlitigation.com
3  **HYDE AND SWIGART**
4  2221 Camino Del Rio South, Suite 101
5  San Diego, CA 92108
   Telephone:  (619) 233-7770
6  Facsimile:  (619) 297-1022

7  [Other Attorneys of Record Listed on Signature Page]

8
9  *Attorneys for Plaintiff,*
   Rebecca Stacy

10

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/09/2016** at 01:12:46 PM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

11          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
12             **COUNTY OF SAN DIEGO — HALL OF JUSTICE**

13

| | |
|---|---|
| 14 **Rebecca Stacy, Individually and on behalf of All Others Similarly Situated,** | **Case No.:** 37-2016-00043290-CU-MC-CTL |
| | **CLASS ACTION** |
| 17 **Plaintiff,** | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.** |
| 18 **v.** | |
| 19 | |
| 20 **PowerScout, Inc, and Does 1-10, Inclusive** | |
| 21 | |
| 22 **Defendant.** | **Jury Trial Demanded** |
| 23 | **Unlimited Jurisdiction** |

24

25

26                    **INTRODUCTION**

27  1.   REBECCA STACY (referred to individually as "Ms. Stacy" or "Plaintiff"),
28       brings this class action for damages, injunctive relief, and any other available

1   legal or equitable remedies, resulting from the illegal actions of

2   POWERSCOUT, INC. ("PSI" or "Defendant"), in negligently, knowingly,

3   and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in

4   violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.,

5   ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows

6   upon personal knowledge as to herself and her own acts and experiences, and,

7   as to all other matters, upon information and belief, including investigation

8   conducted by her attorneys.

9   2.   The TCPA was designed to prevent calls like the ones described within this

10       complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous

11       consumer complaints about abuses of telephone technology – for example,

12       computerized calls dispatched to private homes – prompted Congress to pass

13       the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14   3.   In enacting the TCPA, Congress intended to give consumers a choice as to

15       how creditors and telemarketers may call them, and made specific findings

16       that "[t]echnologies that might allow consumers to avoid receiving such calls

17       are not universally available, are costly, are unlikely to be enforced, or place

18       an inordinate burden on the consumer."  TCPA, Pub.L. No. 102-243, § 11.

19       Toward this end, Congress found that:

20
21           Banning such automated or prerecorded telephone calls to the
             home, except when the receiving party consents to receiving the
22           call or when such calls are necessary in an emergency situation
             affecting the health and safety of the consumer, is the only
23           effective means of protecting telephone consumers from this
24           nuisance and privacy invasion.

25       *Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012

26       WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding

27       on TCPA's purpose).

28

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id.* At §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6.  Jurisdiction is proper in this court for violations of the Telephone Consumer Protection Act pursuant to 47 U.S.C. § 227(b)(3).

1.  Venue is proper in the Superior Court of California, County of San Diego, Central Division for the following reasons: (i) Plaintiff resides in Bonita, County of San Diego, State of California which is within this division; (ii) the conduct complained of herein occurred within this division; and, (iii) many of the acts giving rise to this action occurred in this division because Defendant:

> (a)  conducts business in this division and has intentionally availed itself of the laws and markets within this division;
>
> (b)  does substantial business within this division;

HYDE & SWIGART
Consumer Protection Attorneys

1

    (c)    is subject to personal jurisdiction in this division because

2

    it has availed itself of the laws and markets within this

3

    division; and,

4

    (d)    the harm to Plaintiff occurred within this division.

5

6

## PARTIES

7

7.    Plaintiff is, and at all times mentioned herein was, an individual citizen and

8

resident of the County of San Diego, in the State of California.

9

8.    Plaintiff is informed and believes, and thereon alleges, that PSI is, and at all

10

times mentioned herein was, a Delaware corporation headquartered in Tustin,

11

CA, doing business throughout CA, and at all times mentioned herein was, a

12

"person," as defined by 47 U.S.C. § 153 (39).

13

9.    Plaintiff is informed and believes, and thereon alleges, that at all relevant

14

times, PSI conducted business in the State of California and in the County of

15

San Diego, and within this judicial district.

16

10.    The true names and capacities, whether individual, corporate (including

17

officers and directors thereof), associate or otherwise of Defendants sued

18

herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who

19

therefore sues these Defendants by such fictitious names, pursuant to the

20

California Civil Procedure Code § 474. Plaintiff is informed and believes,

21

and thereon alleges that each Defendant designated as a DOE is involved in or

22

is in some manner responsible as a principal, beneficiary, agent, co-

23

conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for

24

the agreements, transactions, events and/or acts hereinafter described, and

25

thereby proximately caused injuries and damages to Plaintiff. Plaintiff

26

requests that when the true names and capacities of these DOE Defendants

27

are ascertained, they may be inserted in all subsequent proceedings, and that

28

this action may proceed against them under their true names.

HYDE & SWIGART
Consumer Protection Attorneys

11. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 10, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, "persons" as defined by 47 U.S.C § 153 (39).

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

14. Sometime prior to January 1, 2015, Ms. Stacy was assigned, and became the owner of, a cellular telephone number ending in 6635 from her wireless provider.

15. Beginning on or about August 16, 2016, Ms. Stacy received numerous telephone calls on her cellular telephone from PSI, in which PSI utilized an automatic telephone  dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16. The calls to Ms. Stacy's cellular telephone number (ending in 6635) from PSI came from phone number, including but not limited to: (716) 406-4973.

17. Ms. Stacy received three calls on August 16, 2016; one at 3:22 PM and one at 3:23  PM. The first two calls utilized an artificial voice recording.  The pre-recorded voice identified itself as "Chris Nelson."  It was not a normal conversation because the automated voice could not answer questions. Plaintiff terminated the calls. A third call came later that day at 3:55 PM from telephone number (415) 513-5344.  This was a live person who identified

1    himself as "Eric."  Eric tried to sell Plaintiff a solar system over the phone.

2    Plaintiff told Eric to remove her from the call list.

3    18.  Ms. Stacy received another call on September 26, 2016 at 4:48 PM from

4        (716) 406-4973.   This call utilized the same pre-recorded voice which

5        identified itself as "Chris Nelson."

6    19.  Ms. Stacy received another call on October 10, 2016 at 2:42 PM from (716)

7        406-4973.  This call utilized the same pre-recorded voice which identified

8        itself as "Chris Nelson."

9    20.  Ms. Stacy received another call on October 13, 2016 at 4:58 PM from (716)

10       406-4973.  This call utilized the same pre-recorded voice which identified

11       itself as "Chris Nelson."

12   21.  Ms. Stacy received another call on October 13, 2016 at 5:57 PM from (877)

13       988-9378.  This call was a live person again trying to sell Ms. Stacy a solar

14       system.  She again requested to be removed from the call list.

15   22.  Ms. Stacy received another call on October 14, 2016 at 11:48 AM from (716)

16       406-4973.  This call utilized the same pre-recorded voice which identified

17       itself as "Chris Nelson."

18   23.  Ms. Stacy received another call on November 11, 2016 at 1:58 PM from (716)

19       406-4973.  This call utilized the same pre-recorded voice which identified

20       itself as "Chris Nelson."  On this call, Plaintiff "played along" with "Chris

21       Nelson" and answered the questions in hopes that she would be transferred to

22       a human so that she can again ask to be removed from the call list.  After

23       answering the questions asked by the pre-recorded voice, she was transferred

24       to a "senior supervisor."  This person verified her name and address and tried

25       to sell her a solar system for her home.  Plaintiff verified the information and

26       acted as if she were interested in buying solar, so that she would be

27       transferred to a more senior person who could actually take her off the call

28

HYDE & SWIGART
Consumer Protection Attorneys

1    list.  The "senior supervisor" after verifying Plaintiff's information, told her

2    that she would be receiving a call call shortly, directly from the solar provider.

3    24.    At 3:20 that same day (about an hour later) Plaintiff received a call from (310)

4          235-3924 from a salesperson at PowerScout, Inc. who said something like, "I

5          see you were talking to my colleague…".  This was the follow-up call directly

6          from the solar company.

7    25.    The ATDS used by PSI has the capacity to store or produce telephone

8          numbers to be called, using a random or sequential number generator.

9    26.    The ATDS used by PSI also has the capacity to, and does, call telephone

10         numbers from a list of databases of telephone numbers automatically and

11         without human intervention.

12    27.   The telephone number PSI called was assigned to a cellular telephone service

13         for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C.

14         § 227 (b)(1).

15    28.   Plaintiff at no time provided "prior express consent" for PSI to place

16         telephone calls to Plaintiff's cellular telephone with an artificial or

17         prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)

18         (1)(A).

19    29.   Plaintiff had not provided her cellular telephone number to PSI.  Plaintiff was

20         not a customer of PSI.  Plaintiff had no "established business relationship"

21         with defendant, as defined by 47 U.S.C. § 227 (a)(2).

22    30.   These telephone calls made by PSI or its agents were in violation of 47 U.S.C.

23         § 227(b)(1).

24

25                          **CLASS ACTION ALLEGATIONS**

26    31.   Plaintiff brings this action on behalf of herself and on behalf of all others

27         similarly situated ("the Class").

28    32.   Plaintiff represents, and is a member of, the Class, consisting of:

HYDE & SWIGART
Consumer Protection Attorneys

a. All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one call using an ATDS and/or an artificial prerecorded voice from POWERSCOUT, INC., or its agents, calling on behalf of POWERSCOUT, INC., between the date of filing this action and the four years preceding, where such calls were placed for marketing purposes, to non-customers of POWERSCOUT, INC., at the time of the calls.

33. PSI and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant or their agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

35. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties

1    and to the Court.  The Class can be identified through Defendant's records
2    and/or Defendant's agent's records.

3    37.  There is a well-defined community of interest in the questions of law and fact
4         involved affecting the parties to be represented.  The questions of law and fact
5         to the Class predominate over questions which may affect individual Class
6         members, including the following:

7              i. Whether, within the four years prior to the filing of the
8                 Complaint, PSI made any call(s) (other than a call made for
9                 emergency purposes or made with the prior express consent of
10                the called party) to the Class members using any ATDS or an
11                artificial or prerecorded voice to any telephone  number assigned
12                to a cellular telephone service;

13             ii. Whether PSI called non-customers of PSI for marketing
                  purposes;

14             iii. Whether Plaintiff and the Class members were damaged thereby,
15                 and the extent of damages for such violation(s); and

16             iv. Whether PSI should be enjoined from engaging in such conduct
17                in the future.

18   38.  As a person who received numerous calls from Defendant in which Defendant
19        used an ATDS or an artificial or prerecorded voice, without Plaintiff's prior
20        express consent, Plaintiff is asserting claims that are typical of the Class.
21        Plaintiff will fairly and adequately represent and protect the interests of the
22        Class in that Plaintiff has no interests antagonistic to any member of the
23        Class.

24   39.  Plaintiff and the members of the Class have all suffered irreparable harm as a
25        result of the Defendant's unlawful and wrongful conduct.  Absent a class
26        action, the Class will continue to face the potential for irreparable harm.  In
27        addition, these violations of law will be allowed to proceed without remedy
28        and Defendant will likely continue such illegal conduct.  The size of Class

HYDE & SWIGART
Consumer Protection Attorneys

1    member's individual claims causes, few, if any, Class members to be able to

2    afford to seek legal redress for the wrongs complained of herein.

3    40.  Plaintiff has retained counsel experienced in handling class action claims and

4    claims involving violations of the Telephone Consumer Protection Act.

5    41.  A class action is a superior method for the fair and efficient adjudication of

6    this controversy.  Class-wide damages are essential to induce Defendant to

7    comply with federal and California law.  The interest of Class members in

8    individually controlling the prosecution of separate claims against Defendant

9    is small because the maximum statutory damages in an individual action for

10   violation of privacy are minimal.  Management of these claims is likely to

11   present significantly fewer difficulties than those that would be presented in

12   numerous individual claims.

13   42.  Defendant has acted on grounds generally applicable to the Class, thereby

14   making appropriate final injunctive relief and corresponding declaratory relief

15   with respect to the Class as a whole.

16

**FIRST CAUSE OF ACTION:**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
**PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

19

20   43.  Plaintiff incorporates by reference all of the above paragraphs of this

21   Complaint as though fully stated herein.

22   44.  The foregoing acts and omissions of Defendant constitutes numerous and

23   multiple negligent violations of the TCPA, including but not limited to each

24   and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

25   45.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq.,

26   Plaintiff and the Class are entitled to an award of $500.00 in statutory

27   damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28

*HYDE & SWIGART*
*Consumer Protection Attorneys*

1   46.   Plaintiff and the Class are also entitled to and seek injunctive relief
2         prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION:**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

47.   Plaintiff incorporates by reference all of the above paragraphs of this
      Complaint as though fully stated herein.

48.   The foregoing acts and omissions of Defendant constitute numerous and
      multiple knowing and/or willful violations of the TCPA, including but not
      limited to each and every one of the above-cited provisions of 47 U.S.C. §
      227 et seq.

49.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §
      227 et seq., Plaintiff and each of the Class are entitled to treble damages, as
      provided by statute, up to $1,500.00, for each and every violation, pursuant to
      47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50.   Plaintiff and the Class are also entitled to and seek injunctive relief
      prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

51.   Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the
      Class members the following relief against PSI:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**
**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

52.   As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),
      Plaintiff seeks for herself and each Class member $500.00 in statutory
      damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

1  53.  Pursuant to 47   U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

2  conduct in the future.

3  54.  Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

6  55.  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §

7  227(b)(1), Plaintiff seeks for herself and each Class member treble damages,

8  as provided by statute, up to $1,500.00 for each and every violation, pursuant

9  to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

10  56.  Pursuant to 47   U.S.C.   §   227(b)(3)(A), injunctive relief prohibiting such

11  conduct in the future.

12  57.  Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

15  58.  Pursuant to the seventh amendment to the Constitution of the United States of

16  America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date:  December 9, 2016                    **HYDE & SWIGART**

By:  s/Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiff

**Other Attorneys of Record, besides caption page:**

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

HYDE & SWIGART
Consumer Protection Attorneys

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joshua B. Swigart, Esq. (SBN: 225557); Kevin Lemieux, Esq. (SBN: 225886)<br>Hyde & Swigart<br>2221 Camino Del Rio South, Suite 101 San Diego, CA 92108 | **FOR COURT USE ONLY** |
|---|---|
| TELEPHONE NO.: (619) 233-7770    FAX NO.: (619) 297-1022<br>ATTORNEY FOR *(Name)*: Plaintiff Rebecca Stacy | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**12/09/2016** at 01:12:48 PM<br><br>Clerk of the Superior Court<br>By Patrick Gonzaga, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central | |
| CASE NAME:<br>Stacy et al v. PowerScout, Inc. | |

| CIVIL CASE COVER SHEET<br>☑ Unlimited    ☐ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2016-00043290-CU-MC-CTL<br>JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: 2; Violations of Telephone Consumer Protection Act, 47 USC §§227 et seq.
5. This case ☐ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/9/16

Joshua B. Swigart
_____
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

### CIVIL CASE COVER SHEET

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

PLAINTIFF(S) / PETITIONER(S):     Rebecca Stacy

DEFENDANT(S) / RESPONDENT(S):  PowerScout Inc

STACY VS POWERSCOUT INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2016-00043290-CU-MC-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Gregory W Pollack                                                  Department: C-71

### COMPLAINT/PETITION FILED: 12/09/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/12/2017 | 01:00 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00043290-CU-MC-CTL    CASE TITLE: Stacy vs PowerScout Inc [E-FILE]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS:  330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:  Central | |

| | |
|---|---|
| PLAINTIFF(S):  Rebecca Stacy | |
| DEFENDANT(S): PowerScout Inc | |
| SHORT TITLE:  STACY VS POWERSCOUT INC [E-FILE] | |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2016-00043290-CU-MC-CTL |
|---|---|

Judge: Gregory W Pollack                                             Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                      ☐  Non-binding private arbitration

☐  Mediation (private)                              ☐  Binding private arbitration

☐  Voluntary settlement conference (private)        ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                     ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____                      _____
Name of Plaintiff                                    Name of Defendant

_____                      _____
Signature                                            Signature

_____                      _____
Name of Plaintiff's Attorney                         Name of Defendant's Attorney

_____                      _____
Signature                                            Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

_____

Dated:  12/12/2016                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1